UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONG QUANG TRAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | 1:25-cv-01770-KES-HBK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 6) |

Pending before the Court is pro se Petitioner's Motion to Appoint Counsel, filed on December 23, 2025. (Doc. No. 6). Petitioner, who currently is detained by Immigration and Customs Enforcement, has pending a petition for writ of habeas corpus filed under 28 U.S.C. § 2241, docketed on December 8, 2025. (Doc. No. 1, "Petition"). Petitioner claims he is pending removal proceedings and has been detained in immigration custody since July 21, 2025 without a bond hearing in violation of the due process clause of the Fifth Amendment. (Id. at 2). Petitioner states he is a "permanent resident green card holder filing for a U visa" who has resided in the United States for 30 years. (*Id*. at 5-6). As relief, the Petition seeks release from custody or, in the alternative, Respondent should be ordered to schedule a hearing before an immigration judge. (*Id*. at 17).

Petitioner seeks appointment of counsel due to "the complexity of the law on

1

immigration" and his belief that his Petition has a "strong chance of success." (Doc. No. 3 at 2). As a threshold matter, there is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); see also *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). To make this assessment, courts consider a petitioner's (a) "likelihood of success on the merits" and (b) "ability ... to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Alternatively, the Rules Governing Section 2254 Cases in the United States District Courts[1] require the court to appoint counsel: (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted. *Id*. at Rs. 6(a) and 8(c); *see also Terrovona v. Kincheloe*, 912 F.2d 1176, 1881 (9th Cir. 1990).

    Based upon the record, the Court finds Petitioner has not demonstrated that appointment of counsel is appropriate at this stage of the proceedings. At the outset, Petitioner did not complete an affidavit of indigency, he paid the $5.00 filing fee, and his motion is silent as to his financial situation. Thus, Petitioner fails to establish that he is financially eligible for appointment of counsel.

    Turning to the likelihood of success, Petitioner contests his current detention pending removal proceedings. The Court notes that at the time Petitioner filed his Petition, he had been detained for approximately five months. Additionally, Petitioner claims that he already has a green card but is seeking a U Visa.[2] To better ascertain the basis of Petitioner's detention and evaluate Petitioner's due process claim, the Court directed Respondent to respond to the Petition,

---

[1] The Rules governing section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. *See Id*., R. 1(b).

[2] A U Visa involves reporting a qualifying claim and usually is a step toward obtaining a green card, not vice-versa.

which is not yet due. Consequently, the Court does not find that Petitioner can show a likelihood of success of the merit at this early stage of the proceedings. Additionally, when directing Respondent to respond to the Petition the Court directed Respondent to attach any records necessary for considering the Petition. Thus, it is not clear whether any discovery or an evidentiary hearing is necessary until the Court reviews the record.

Finally, although Petitioner cites to the complexity of immigration laws, Petitioner was able to competently file his 18-page habeas petition that includes a statement of facts and supporting law concerning his claim for habeas relief. As a result, Court finds the circumstances of this case presently do not indicate that appointed counsel is necessary to prevent due process violation.

Accordingly, it is ORDERED:

Petitioner's motion for appointment of counsel (Doc. No. 6) is denied without prejudice.

Dated:   December 29, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE