UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONG QUANG TRAN,<br><br>      Petitioner,<br><br>    v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,<br><br>      Respondent. | Case No.  1:25-cv-01770-KES-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS[1]<br><br>(Doc. 18)<br><br>FIVE (5) DAY OBJECTION PERIOD |

Petitioner Long Quang Tran, an immigrant detainee in U.S. Immigration Customs and Enforcement ("ICE") custody at the Golden State Annex Detention Facility in McFarland, California, proceeds through counsel[2] on his first amended petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 18, "FAP").  The FAP asserts two grounds for relief: (1) his continued detention violates the Fifth Amendment's Due Process Clause because there is no significant likelihood of removal in the reasonably foreseeable future; and (2) his re-detention without a pre-deprivation hearing violates due process rights.  (*Id*. at 11-12).  As relief, Petitioner

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2025).

[2] After Respondent's initial response to Petitioner's pro se petition for writ of habeas corpus filed on December 8, 2025, the Court appointed counsel.  (Doc. 10).  On April 3, 2026, after several extensions of time, Petitioner filed the operative first amended petition.

seeks, *inter alia*, immediate release and an order barring Respondents from removing or attempting to remove to a third country without notice and meaningful opportunity to respond consistent with the statute and due process.[3] (*Id*. at 12).

Respondents oppose,[4] arguing (1) Petitioner has not met his burden to show there is no significant likelihood of removal in the reasonably foreseeable future, and (2) Petitioner is not entitled to a hearing before a neutral arbitrator before revocation of his release. (Docs. 11, 20). Petitioner did not file a reply, and the deadline to do so has expired. *See* Doc. 19 ("Petitioner may file an optional reply within seven (7) days of the response.").

For the reasons set forth below, the undersigned recommends that the district court grant the FAP as to ground one.[5]

### I. BACKGROUND

Petitioner is a citizen of Vietnam who was admitted to the United States as a refugee with his parents on November 12, 1975, when he was two years old. (Doc. 9-1 at 3; Doc. 18 at 3). His criminal history includes: a 1991 conviction for larceny and grand theft; a 1998 conviction for larceny; and a 2005 conviction for robbery. (Doc. 9-1 at 3; Doc. 20-1 at 15). On March 24, 1993, an immigration judge ordered him removed to Vietnam pursuant to a final order of removal. (Doc. 20-1 at 13). Petitioner alleges he was detained by ICE in 1999 for approximately three and a half years and then "just released [] one day" because, according to "authorities who spoke with [Petitioner]," Vietnam could not confirm he is a citizen and had no birth records for him.[6] (Doc. 18 at 3).

---

[3] Although Petitioner includes a prayer for relief regarding third-country removal, he does not allege that such removal is at issue in this case. (Doc. 18 at 11-12). Respondents likewise do not indicate that third-country removal is being pursued. (*See generally* Docs. 9, 20). Accordingly, to the extent such a claim is asserted, Petitioner fails to establish Article III standing for such a claim. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (requiring an injury that is "concrete and particularized," "actual or imminent," and likely to be "redressed by a favorable" judicial decision)).

[4] Respondents oppose the amended petition for the same reasons they opposed the initial petition for writ of habeas corpus. (Docs. 9, 20).

[5] Given the Court's conclusion that Respondents' failure to comply with § 241.13 violated Petitioner's due process rights (Claim One) and recommendation that he be immediately released, the Court need not address in detail Petitioner's remaining due process claim.

[6] A court "may treat the allegations of a verified ... petition [for writ of habeas corpus] as an affidavit." *L. v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003) (citing *McElyea v. Babbitt,* 833 F.2d 196, 197–98 (9th Cir. 1987)).

2

On July 22, 2025, ICE arrested Petitioner at his yearly check-in. (Doc. 18 at 3; Doc. 9-1). On August 8, 2025, Respondents requested travel documents from Vietnam; the request was returned on an unspecified date for an updated translation. (Doc. 20-1 at 11). On March 24, 2026, Respondents again requested travel documents. (Doc. 20; Doc. 20-1 at 26). On March 26, 2026, ICE conducted a personal interview under 8 C.F.R. § 241.4(i)(3) to determine whether Petitioner should be recommended for release. (Doc. 20-1 at 3-10). On April 2, 2026, after a panel interview, deportation officers recommended that Petitioner remain in ICE custody because he posed a threat to public safety due, a significant risk of flight, and there was a significant likelihood of removal in the reasonably foreseeable future. (Doc. 20-1 at 1-2).

Petitioner remains detained at the California City Detention Facility. (Doc. 18 at 1).

## II. APPLICABLE LAW AND ANALYSIS

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). District courts retain jurisdiction under § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of removal order. *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)); *see also Jennings v. Rodriguez*, 538 U.S. 281, 294 (2018).

### A. Statutory and Regulatory Framework

Detention, release, and removal of noncitizens subject to a final order of removal are governed by 8 U.S.C. § 1231. Under § 1231(a), when an alien is ordered removed, the Attorney General "shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period') …. [and] [i]f the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." § 1231(a)(1), (3). Section 1231(a)(6) permits continued detention beyond the removal period of certain inadmissible or criminal aliens, or those determined to be a risk to the community or unlikely to comply with the removal order, and provides that if released, such individuals "shall be subject to the terms of supervision in paragraph (3)." § 1231(a)(6). Pursuant to these mandates, regulations at 8 C.F.R. § 241.13 and §

241.4 govern release on supervision, and revocation of such release.

Title 8 C.F.R. § 241.13 reflects the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Zadvydas* addressed prolonged detention under § 1231(a)(6) where removal could not be effectuated because designated countries refused to accept the noncitizens or there was no applicable repatriation treaty. *Prieto-Romero*, 534 F.3d at 1062 (citing *Zadvydas*, 533 U.S. at 684-86). The Court held that detention under § 1231(a)(6) is presumptively reasonable for six months, after which a noncitizen is entitled to release if "it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S at 701. Consistent with *Zadvydas*, § 241.13(i) permits revocation of release if the alien violates the conditions of their release, or "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." § 241.13(i) (1)-(2). Where, as here, a noncitizen is subject to a final order of removal, detained, released, and then re-detained, "it is [ICE's] burden to show a significant likelihood that the alien may be removed" under § 241.13. *Martinez v. Bondi*, 2025 WL 3650477, at *3 (E.D. Cal. Dec. 16, 2025) (collecting cases); *Huang v. Albarran*, 2026 WL 279888, at *4 (E.D. Cal. Feb. 3, 2026); *see also Vu v. Noem*, 2025 WL 3114341, at *7 (E.D. Cal. Nov. 6, 2025) ("The phrase 'significant likelihood,' as used in the regulation, requires something more than a mere possibility.").

**B. Analysis**

In Claim One, Petitioner contends that his continued detention violates due process because Respondents have not carried their burden to show a significant likelihood or removal in the reasonably foreseeable future. (Doc. 18 at 4, 11). Respondents counter that "Petitioner has not met his burden of providing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future" and note that travel documents were requested from Vietnam on August 8, 2025, "returned for an updated translation," and requested again on March 24, 2026. (Doc. 9 at 4; Doc. 20; Doc. 20-1 at 11-22).

It is undisputed that Petitioner is subject to a final order of removal and that he was released from detention at some point after that order issued. (Doc. 9-1). The record does not

contain an order of supervision or notice revoking supervision, but Respondents' briefing recites the regulatory framework for revoking supervised release and asserts that Petitioner's release was revoked under 8 C.F.R. § 241.13(i)(2) because there is a significant likelihood of removal in the reasonably foreseeable future. (Doc. 9 at 4-6 (confirming the statute governing detention in this case is 8 U.S.C. § 1231(a)(6) as Petitioner is a removable alien)).

As noted, § 241.13(i), allows revocation of release if the alien violates conditions of their release, or if changed circumstances create a significant likelihood of removal in the reasonably foreseeable future. § 241.13(i)(2). Respondents identify no evidence that Petitioner violated any condition of release. Instead, the argue that in November 2020 the United States and Vietnam "agreed to a process for the deportation of certain citizens of Vietnam who entered the United States prior to 1995" and "[g]iven the evolving relations between the United States and Vietnam, Petitioner is expected to be deported to Vietnam in the near future." (Doc. 9 at 4-5).

As an initial matter, Respondent erroneously asserts that Petitioner bears the burden to provide "good reason to believe" there is no significant likelihood of his removal in the reasonably foreseeable future. (Doc. 9 at 4 (citing *Zadvydas*, 533 U.S. at 701)). As discussed *supra*, it is well-settled that where, as here, a petitioner is subject to a final order of removal, detained, released, and then re-detained, ICE bears the burden to show that, due to changed circumstances, there is a significant likelihood the noncitizen may be removed pursuant to 8 C.F.R. § 241.13. *See Martinez*, 2025 WL 3650477, at *3 (collecting cases); *Ghiassi v. Murray*, 2026 WL 622184, at *4 (E.D. Cal. Mar. 5, 2026) (citing *Escalante v. Noem*, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025) ("[i]mposing the burden of proof on the alien each time he is re-detained would lead to an unjust result and serious due process implications.")). Thus, the Court must determine if Respondents have met their burden to show a significant likelihood that Petitioner may be removed to Vietnam in the reasonably foreseeable future.

Respondents rely on a November 21, 2020 Memorandum of Understanding (MOU) between the United States and Vietnam. (Doc. 9 at 4-5, (citing November 21, 2020 Memorandum of Understanding, available at https://www.nguoi-viet.com/wp-content/uploads/2021/07/Vietname-2020-MOU-redacted-1.pdf (last visited June 9, 2026)).

Courts have consistently held that "citing a general change in a country's policy of accepting removable aliens is insufficient to prove a material change of circumstances." *Vo v. Albarran*, 2026 WL 177796, (E.D. Cal. Jan. 22, 2026); *Huang*, 2026 WL 279888, at *7 (noting courts have rejected similar evidence as insufficient); *Bandith v. Noem*, 2026 WL 657728, at *3 (E.D. Cal. Mar. 9, 2026) (rejecting the argument that a general policy shift alone suffices). This is particularly true here, where reliance on a generic "process" for deportation of "certain citizens" fails to account for Petitioner's specific circumstances, including his criminal history, his admission as a young child, and his reports that he lacks a passport or birth records from Vietnam. (*See* Doc. 18 at 3 (Petitioner previously told by authorities that Vietnam cannot confirm he is a citizen because they have no birth records)); *Liu v. Carter*, 2025 WL 1696526, at *1-2 (D. Kan. June 17, 2025) ("a bare assertion of an increase [in removals to China] did not make petitioner's removal any more likely without addressing the particular obstacles to the many past failed attempts to remove him.").

Respondents also note a second travel document request submitted on March 24, 2026, after the first was returned for "updated translation." (Doc. 20). Respondents offer no evidence regarding the number of travel document requests submitted to Vietnam, the rate at which such requests are granted, or any data showing that that a general policy shift has increased removals in circumstances comparable to Petitioner's. *See Hoac v. Becerra*, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) (citing *Liu*, 2025 1696526, at *2) (holding the 2020 MOU does not alone establish a significant likelihood of removal because Vietnam retains "total discretion" to issue travel documents); *Huang*, 2026 WL 279888, at *7. "Accordingly, respondents do not show that the initiation of the travel document process alone constitutes a changed circumstance such that there is not a significant likelihood that [P]etitioner will be removed in the reasonably foreseeable future." *Vue v. Warden of the Golden State Annex Detention Facility*, 2026 WL 482673, at *3 (E.D. Cal. Feb. 20, 2026). Moreover, despite their assertions that travel documents were requested August 8, 2025 and March 24, 2026, ICE has not obtained a travel document, even though Petitioner has been detained for more than ten months since July 22, 2025. "An undue delay in removal for an individual alien beyond the typical removal period would naturally

6

suggest that removal is unlikely." *Yan-Ling X. v. Lyons*, 813 F. Supp. 3d 1157, 1165 (E.D. Cal. Nov. 7, 2025).

For these reasons, Respondents fail to show changed circumstances establishing a significant likelihood that Petitioner will be removed to Vietnam in the reasonably foreseeable future. *See* § 241.13(i). "While the government has significant discretion to enforce immigration laws, it must do so consistent with the requirements of its own regulations and the Due Process Clause." *Huang*, 2026 WL 279888, at *7. "ICE, like any agency, 'has a duty to follow its own federal regulations. As here, where an immigration regulation is promulgated to protect a fundamental right derived from the Constitution or a federal statute … and [ICE] fails to adhere to it, the challenged [action] is invalid." *Nguyen v. Hyde*, 2025 WL 1725791, at *5 (D. Mass. June 20, 2025) (quoting *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017); *see also Yan-Ling X.*, 813 F. Supp. 3d 1157 at 1166. Because Respondents failed to comply with § 241.13 in revoking Petitioner's release, his re-detention violated due process. *See, e.g., Vang v. Warden of Golden State Annex Detention Facility*, 2026 WL 694111, at *6 (E.D. Cal. Mar. 12, 2026); *Ghiassi*, 2026 WL 622184, at *5-6.

Accordingly, it is hereby RECOMMENDED:

The first amended petition for writ of habeas corpus (Doc. 18) be GRANTED as follows:

1. Respondent shall IMMEDIATELY release Petitioner from DHS custody on the same conditions as his most recent release.

2. Respondents shall be ENJOINED from re-detaining Petitioner unless there are material changed circumstances and a neutral decisionmaker determines there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or Respondents demonstrate by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

### NOTICE OF EXPEDITED OBJECTIONS

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Given the**

7

**urgency of a preliminary injunction, a party may file written objections with the Court within five (5) days of service of these Findings and Recommendations.** *Id*.; Local Rule 304(b) (permitting court to set a different time). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     June 10, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE